DOOLITTLE, Respondent, *v.* STONE, Appellant.

(*Supreme Court, General Term, Fifth Department.* April 13, 1892.)

Action by Louisa Doolittle against Anna Stone, administratrix, etc.

No opinion. Judgment appealed from affirmed, with costs, on the opinions of James C. Smith, referee.

---

*In re* CHAMBERLAIN'S ESTATE.

(*Supreme Court, General Term, Fifth Department.* June 23, 1892.)

Appeal from surrogate court, Cayuga county.

Proceeding for the judicial settlement of the accounts of Margaret S. Chamberlain, as executrix of Julius A. Chamberlain, deceased. From portions of the decree settling the accounts, the executrix and Julius W. Chamberlain, a contestant of the account, appeal. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Coburn & Hunter,* for Margaret S. Chamberlain, executrix. *Fred A. Storke,* for Julius W. Chamberlain.

MACOMBER, J. The executrix presented a claim against the estate of the late Julius A. Chamberlain, in the sum of $2,065.56. Of this sum, the learned surrogate has allowed all except $796, which consisted of a book account, containing many small items. We have examined the testimony adduced before the surrogate in respect to the claim in its several parts, and are of the opinion that the conclusion reached by the surrogate was well sustained by the preponderance of the evidence.

A question, however, is raised by the learned counsel for the executrix,— that the surrogate erred in excluding certain evidence which should lead to a reversal and rehearing of the case. Before issue was joined upon the claim personally made by the executrix, her preliminary examination was had under section 2735 of the Code of Civil Procedure. This section obviously was designed to enable parties to an accounting to subject the executor to a rigid personal examination, in order to ascertain the condition of the accounts, and the application made of trust property. Afterwards, and after objections to the account had been filed, the contestant, Julius W. Chamberlain, through his counsel, introduced in evidence, before the surrogate upon that accounting, portions of the preliminary examination theretofore taken. Thereupon the counsel for the executrix offered other portions of such preliminary examination in evidence, and sought to examine the executrix anew in some respects. The ground of the error claimed is that the surrogate refused to admit certain portions of such preliminary examination which tended to explain other parts thereof already put in evidence by the contestant, and to exonerate, to some extent, the executrix from any blame in the management of the estate. On inspection of the record, however, it is found by us that the surrogate ruled consistently that any portion of such preliminary examination as would tend to modify, contradict, or explain the portions already put in evidence by the contestant, might be given by her; and to this ruling he adhered consistently throughout the whole trial, which was somewhat protracted. If there have been any inadvertent omissions to apply practically such ruling to the many offers contained in the case, they are not of sufficient moment to lead to a reversal of the decree. On the contrary, under the obligation imposed by, or which may be assumed by us under, section 2586 of the Code of Civil Procedure, we have examined these parts of the preliminary testimony so thrown out by the surrogate, and, from such examination, we are of the opinion that there was nothing which was excluded therefrom by the surrogate which would have changed in any respect the conclusion upon the facts reached by him. We think, therefore, that the decree should be affirmed.

Decree of the surrogate of Cayuga county appealed from affirmed, without costs of this appeal to either party. All concur.